NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC VAUGHAN,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2015-3056

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-14-0377-I-1.

---

Decided: June 4, 2015

---

ERIC VAUGHAN, Elmont, NY, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Eric Vaughan appeals from the final decision of the Merit Systems Protection Board dismissing his removal appeal for lack of jurisdiction. Because Mr. Vaughan has not demonstrated that the Board had jurisdiction to hear his appeal or otherwise committed legal error in its decision, we affirm.

I

On July 7, 2010, Mr. Vaughan was removed from his position as a postal supervisor at the United States Postal Service for engaging in a physical altercation with a coworker. Mr. Vaughan appealed the removal action to the Board shortly thereafter. The matter was resolved by settlement agreement, under which the Postal Service agreed to rescind the removal and permit Mr. Vaughan to resign from his position. In exchange, Mr. Vaughan would receive a modest lump-sum payment in lieu of back pay, and he would surrender his right to challenge the circumstances of his resignation. By entering into the settlement agreement, Mr. Vaughan also waived his right to seek employment again at the Postal Service, he acknowledged he understood the final and binding effect of the agreement, and attested that he was entering into the agreement voluntarily. Mr. Vaughan executed the settlement agreement and voluntarily resigned, indicating that he was resigning due to "personal reasons."

Several years later, in September 2014, Mr. Vaughan filed a second appeal with the Board challenging his July 2010 removal. The Board issued a show cause order indicating that prior to initiating this action, Mr. Vaughan had entered into a settlement agreement waiving future appeal rights. Mr. Vaughan responded that, on the date of the altercation, he was suffering from the effects of his bipolar disorder. He also indicated that during the prehearing conference prior to his appeal, he felt coerced into signing the settlement agreement be-

cause the administrative judge advised him that a videotape of the altercation "speaks a thousand words." J.A. 5.

In an initial decision, an administrative judge found that Mr. Vaughan did not show "a non-frivolous allegation that the waiver of his appeal rights should not be enforced pursuant to the terms of the settlement agreement." *Id.* The administrative judge concluded that the settlement was voluntary because Mr. Vaughan accepted the lump sum payment and signed a resignation form, and because the settlement agreement indicates that Mr. Vaughan understood and agreed to sign the agreement of his own free will. The administrative judge found that Mr. Vaughan's coercion claim lacked merit, and that his "signature on the [settlement] agreement is evidence of his conscious and voluntary waiver of his Board appeal rights." J.A. 7. Thus, the administrative judge dismissed the appeal for lack of jurisdiction. Mr. Vaughan did not file a petition for review of the administrative judge's decision. As a result, the decision became the final decision of the Board. Mr. Vaughan appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

The scope of our review of an appeal from a Board decision is limited. We may only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.,* 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo. Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed. Cir. 1995). But we are bound by the Board's factual findings on which a jurisdictional determination is based "unless

those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.,* 154 F.3d 1313, 1316 (Fed. Cir. 1998). Further, the petitioner carries the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2).

The Board ordinarily does not have jurisdiction over an action subject to a voluntarily executed settlement agreement except pursuant to an enforcement petition. *See Mays v. United States Postal Serv.,* 995 F.2d 1056, 1059–60 (Fed. Cir. 1993); *McCall v. United States Postal Serv.,* 839 F.2d 664, 665, 669 (Fed. Cir. 1988) (affirming dismissal for lack of jurisdiction where settlement agreement resolving prior MSPB appeal waived right to appeal). But a party may nevertheless establish jurisdiction if the party can show that the agreement was not voluntarily executed. *Asberry v. United States Postal Serv.,* 692 F.2d 1378, 1380 (Fed. Cir. 1982).

On appeal, Mr. Vaughan argues that he did not voluntarily execute the settlement agreement because of his disability, and because he was informed by the administrative judge via telephone that a video recording of the incident giving rise to the removal "spoke a thousand words."

Mr. Vaughan failed to present sufficient evidence to establish that any disability he may have had impaired his decision-making capability at the time he executed the settlement agreement. The plain language of the settlement agreement establishes that Mr. Vaughan "acknowledges that he is . . . mentally competent to execute" the agreement, and "that he has entered into this Settlement Agreement freely, knowingly, voluntarily, and without coercion, threat or duress." J.A. 17 at ¶10. Moreover, Mr. Vaughan accepted the benefits provided to him under the settlement agreement, including a modest lump-sum payment, and submitted a signed resignation form. The administrative judge's finding that such behavior is

indicative of his voluntary acceptance, J.A. 5, is supported by substantial evidence. Thus, the Board properly dismissed the appeal.

We have considered Mr. Vaughan's remaining arguments and find them unpersuasive. Accordingly, we affirm.

## AFFIRMED

No costs.